# John J. Hodgen, plaintiff in error, *vs.* The United States, defendant in error.

## *Error to Jefferson.*

The act making it indictable to cut timber off the School Lands, is not contrary to the Organic Law.

John James Hodgen was indicted for unlawfully cutting down, destroying, and hauling from off the 16th section in township No. 73 N. of R. 8 W. in Jefferson county. To which there was a general demurrer. The demurrer was overruled.

The case was submitted to a jury on the plea of not guilty. Verdict guilty, and the value of the timber taken assessed at ten dollars.

The defendant by Teas, his attorney, then moved in arrest of judgment, because:

1. The statute upon which the indictment was founded was contrary to the organic law.

2. There was no property or interest vested in the 16th section, in the territory of Iowa, that would authorize the legislature to legislate upon the subject.

3. The act of the legislature was void, because the Congress of the United States had passed a law making it penal to cut, destroy or haul off timber from any of the public lands, and the trial and conviction in this case cannot be pleaded in bar to an indictment under the laws of the United States.

The motion in arrest was overruled, and the defendant fined twenty dollars and costs.

To reverse this judgment the defendant below brings his writ of error to this court.

J. B. TEAS & J. C. HALL, for plaintiff in error.

H. T. REID, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE—This case presents no point not decided in the case of Chalfont vs. The United States. We shall therefore merely refer to that decision.

Judgment affirmed.